```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION

PAUL SMITH, # 220888,           *
                                *
     Petitioner,                 *
                                *
vs.                              *  CIVIL ACTION NO. 20-00586-JB-B
                                *
GOVERNOR KAY IVEY, et al.,       *
                                *
     Respondents.                *
```

**REPORT AND RECOMMENDATION**

Paul Smith, an Alabama state prison inmate proceeding *pro se*, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2241. (Doc. 1). This action has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).[1] Based upon a preliminary review of Smith's habeas petition, the undersigned **RECOMMENDS** that the petition be **DISMISSED without prejudice** for lack of jurisdiction due to Smith's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

I. **BACKGROUND**

In screening Smith's habeas petition, the Court discovered in its examination of PACER (Public Access to Court Electronic

---

[1] The record is adequate to determine the disposition of Smith's claims; thus, no federal evidentiary hearing is required. See Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1333-35 (11th Cir. 2004).

Records)[2] that Smith previously filed a federal habeas petition challenging the same 2004 murder conviction and resulting twenty-five-year prison sentence that he attacks in the instant case. See Smith v. Hooks, No. 2:06-cv-01859-RBP-PWG (N.D. Ala. 2006) ("Smith v. Hooks").

The record from Smith's prior habeas petition reflects that in 2002, a Jefferson County, Alabama grand jury indicted Smith and charged him with capital robbery-murder (Case No. CC-2002-1330) and the related robbery (Case No. CC-2002-1331). Id., ECF No. 7-1 at p.8, ECF No. 7-2 at p.7. Smith entered a plea agreement that permitted him to plead guilty to the lesser-included charge of felony murder. Id., ECF No. 7-1 at pp. 11-12, ECF No. 7-2 at pp. 8-9. He was sentenced to twenty-five years in prison, to be served concurrently with a ten-year sentence Smith was already serving on an unrelated drug trafficking conviction (Case No. CC-2001-2367).[3] Id., ECF No. 7-1 at pp. 12, 24, ECF No. 7-2 at p.10, ECF No. 7-3. Smith's conviction and sentence were affirmed on appeal. Id., ECF No. 7-3, 7-5, 7-6.

---

[2] The Court takes judicial notice of the case records of other federal courts accessed through U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. See U.S. ex rel. Osheroff v. Humana Inc., 776 F.3d 805, 811 n.4 (11th Cir. 2015) ("Courts may take judicial notice of publicly filed documents," such as documents filed in other courts.).

[3] The related robbery charge (Case No. CC-2002-1331) was nolle prossed. Smith v. Hooks, ECF No. 7-1 at 12, 24; ECF No. 7-2 at 9.

In September 2006, Smith filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Northern District of Alabama. Id., ECF No. 1. In his federal habeas petition, Smith attacked his felony murder conviction and sentence. Id. On May 1, 2008, a magistrate judge entered a report and recommendation that Smith's habeas petition be denied. Id., ECF No. 14. On May 27, 2008, the court adopted the magistrate judge's report and recommendation and denied Smith's federal habeas petition. Id., ECF No. 15, 16.

In December 2020, Smith filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), along with a motion for leave to proceed *in forma pauperis* (Doc. 2). In the present habeas petition, Smith again seeks to attack his felony murder conviction and sentence. He claims that the State of Alabama lacked jurisdiction to try, convict, and sentence him for murder because "Alabama's 1901-Constitution was ratified-enacted upon fraud and outrageous conduct to establish white supremacy" and is "thus void." (Doc. 1 at 2, 6, 8).[4] According to Smith, his detention "suffers want of jurisdiction" because the Alabama

---

[4] Although Smith checks boxes indicating that he is challenging pretrial detention and immigration detention, his petition makes clear that he is in fact challenging his judgment of conviction in Jefferson County Case No. CC-2002-1330, for which he is currently serving a twenty-five-year sentence in an Alabama prison. (See Doc. 1 at 2, 8). Indeed, in his request for relief, Smith requests, *inter alia*, to be "turned over to Immigrations for Deportation-Process." (Id. at 14).

Constitution "is repugnant to" the Fourteenth Amendment of the United States Constitution. (Id. at 9). Smith also argues that Alabama's Legislature acted without jurisdiction and authority in passing Ala. Code § 14-1-16.[5] (Id. at 7, 11).

For the reasons set forth below, the undersigned recommends that Smith's instant habeas petition be dismissed without prejudice for lack of jurisdiction because it is a second or successive petition and Smith did not comply with 28 U.S.C. § 2244(b)(3)(A) prior to filing the petition.

## II. **DISCUSSION**

In Medberry v. Crosby, 351 F.3d 1049 (11th Cir. 2003), the Eleventh Circuit held:

> [A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by [28 U.S.C.] § 2241, which generally authorizes federal courts to grant the writ— to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of [28 U.S.C.] § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254.

---

[5] Section 14-1-16 provides:

> Effective October 1, 1979, the Board of Corrections of the State of Alabama is hereby abolished and all rights, all duties, responsibilities, powers, assets, liabilities, contractual rights and obligations and property rights, whether accruing or vested in the abolished agency, are hereby vested in the Governor of the State of Alabama.

Ala. Code § 14-1-16 (1975).

4

Id. at 1062.

"Importantly, a state prisoner cannot evade the procedural requirements of § 2254 by characterizing his filing as a § 2241 petition . . . ." Johnson v. Warden, Ga. Diagnostic & Classification Prison, 805 F.3d 1317, 1323 (11th Cir. 2015) (per curiam). "Habeas petitions filed under 28 U.S.C. § 2241 by state prisoners 'in custody pursuant to the judgment of a State court' are subject to the additional limitations of 28 U.S.C. § 2254 petitions." Gaines v. Attorney Gen., Fla., 788 F. App'x 623, 627 (11th Cir. 2019) (per curiam) (citing Medberry, 351 F.3d at 1062). Those limitations include restrictions on filing second or successive petitions. See 28 U.S.C. § 2244(b); Johnson, 805 F.3d at 1323 ("A § 2241 petition filed by a state prisoner is subject to the bar on second and successive petitions contained in § 2244(b).").

In his instant petition, Smith challenges his confinement pursuant to the twenty-five-year sentence imposed by the Jefferson County Circuit Court in January 2004. There is no question that Smith is in custody pursuant to the judgment of an Alabama court;[6] therefore, § 2254 and its attendant statutory restrictions,

---

[6] Smith avers that he is "imprisoned in the Alabama Department of Corrections, in Atmore, Alabama under the direction, control of Warden Mary Cook, ADOC, in custody illegally." (Doc. 2 at 1).

5

including the limitations on second or successive petitions set forth in § 2244(b), apply to the petition that Smith brought under § 2241.

"Under 28 U.S.C. § 2244(b), a state prisoner who wishes to file a second or successive habeas corpus petition 'under Section 2254' must move the court of appeals for an order authorizing the district court to consider such a petition." Johnson, 805 F.3d at 1323; see 28 U.S.C. § 2244(b)(2), (b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53 (2007); Rule 9 of the Rules Governing Section 2254 Cases. This "requirement cannot be evaded by characterizing the petition as one filed under § 2241 instead of § 2254." Johnson, 805 F.3d at 1323. "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."[7] Burton, 549 U.S. at 153.

---

[7] Section 2244(b)(2) requires the dismissal of a "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application" unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

A "petitioner *first* must obtain an order from the court of appeals authorizing the district court to consider" a second or successive petition, because "[w]ithout authorization, the district court lacks jurisdiction to consider [such] second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam) (emphasis added); see also Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."); Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 540 (11th Cir. 2009) (per curiam) ("In order to file a second or successive § 2254 petition, the petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. . . . Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not define the phrase "second or successive."

---

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Magwood v. Patterson, 561 U.S. 320, 331 (2010). However, based on the AEDPA's language and context, the Supreme Court has concluded that courts must look to the *judgment* challenged to determine whether a petition is second or successive. See id. at 332-33; Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1279 (11th Cir. 2014) (per curiam) ("[T]he judgment is the center of the analysis, 'both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged.'") (quoting Magwood, 561 U.S. at 332-33). The Eleventh Circuit has explained that "there is only one judgment, and it is comprised of both the sentence and the conviction." Id. at 1281; see also Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292 (11th Cir. 2007) ("[T]he judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention.").

As noted *supra*, this Court's examination of PACER revealed that Smith previously filed a habeas corpus petition pursuant to the provisions of 28 U.S.C. § 2254, challenging the same 2004 conviction and sentence that he seeks to challenge in the instant petition. See Smith v. Hooks, *supra*. In Smith v. Hooks, the Northern District of Alabama denied Smith's claims based on the procedural default of several claims and proper adjudication of the remaining claim by the state court. Id., ECF No. 14. This constituted adjudication on the merits for the purposes of invoking

8

the second or successive requirements of 28 U.S.C. § 2244(b)(3). See Henry v. Hetzel, 2012 U.S. Dist. LEXIS 67605, at *5, 2012 WL 1712174, at *2 (M.D. Ala. Apr. 19, 2012), report and recommendation adopted, 2012 U.S. Dist. LEXIS 67330, 2012 WL 1714906 (M.D. Ala. May 15, 2012); see also Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998) (holding that denial on grounds of procedural default constitutes a disposition on the merits and thus renders a subsequent § 2254 petition "second or successive" for purposes of the AEDPA); Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (same); In re Cook, 215 F.3d 606, 608 (6th Cir. 2000) (habeas petition dismissed based on procedural default counts as a prior petition because petitioner is incapable of curing defect underlying the district court's judgment); see generally Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999) (per curiam) (holding that denial of first § 2254 petition on the merits qualifies as first petition for purpose of determining successor status under § 2244(b)). Accordingly, the undersigned finds that Smith's instant petition is a second or successive petition challenging his 2004 conviction and sentence for the purposes of § 2244(b).

Smith does not allege, and the record does not establish, that he sought, much less obtained, permission from the Eleventh Circuit Court of Appeals in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) prior to filing the instant petition.

Therefore, Smith's present habeas petition is due to be dismissed without prejudice for lack of jurisdiction based on Smith's failure to comply with 28 U.S.C. § 2244(b)(3)(A). See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam); Tompkins, 557 F.3d at 1259.[8]

### III. **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases. The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable

---

[8] Smith may present any arguments addressing the issue of whether the instant petition is an unauthorized second or successive § 2254 petition in timely objections to this report and recommendation.

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'") (quoting Slack, 529 U.S. at 484).

In the instant action, Smith has not demonstrated that he applied to and received permission from the Eleventh Circuit to file his successive federal habeas petition; thus, this Court is without jurisdiction to consider the instant petition. See Hill, 112 F.3d at 1089. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Smith should be allowed to proceed further. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned submits that no reasonable jurist could find it debatable whether Smith's petition

should be dismissed. As a result, Smith is not entitled to a certificate of appealability and should not be permitted to proceed *in forma pauperis* on appeal.

**IV. CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that Petitioner Paul Smith's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED without prejudice** for lack of jurisdiction due to Smith's failure to comply with 28 U.S.C. § 2244(b)(3)(A). The undersigned also submits that Smith is not entitled to a certificate of appealability and is not entitled to proceed *in forma pauperis* on appeal.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

12

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **18th** day of **December, 2020.**

                                          **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**